REBECCA DUNKLEY, Plaintiff v. LEE H. SHOEMATE, ERIC B. MUNSON, DAVID S. JANOWSKY, PRESTON A. WALKER, MARY F. LUTZ, DOE ONE, DOE TWO, and DOE THREE, Defendants

No. COA96-1080

(Filed 7 April 1998)

**Attorneys at Law § 29 (NCI4th)— plaintiff's motion to remove defense counsel—defense counsel retained by self-insured trust—no authority from client**

Defense counsel lacked authority to act on defendant Shoemate's behalf in a negligence action where defense counsel had been retained by a self-insured trust and had neither spoken with nor been given authority by Shoemate to act on his behalf.

---

DUNKLEY v. SHOEMATE

[129 N.C. App. 255 (1998)]

Appeal by plaintiff from order entered 26 July 1996 by Judge F. Gordon Battle in Orange County Superior Court. Heard in the Court of Appeals 5 January 1998.

From October 1989 through August 1990, plaintiff received out-patient psychiatric counseling at UNC Hospitals from defendant Lee H. Shoemate, a purported qualified psychiatry resident. Plaintiff alleged defendant Shoemate engaged in forced sexual intercourse with her on 14 August 1990. Defendant Shoemate later resigned his position with UNC·Hospitals when the North Carolina Board of Medical Examiners discovered he lacked a medical degree and had otherwise falsified his credentials. Plaintiff instituted this action seeking compensatory and punitive damages from Shoemate and, additionally, sought compensatory and punitive damages from the other named defendants for their alleged negligence in hiring Shoemate.

As a result of another suit by a different patient involving Shoemate, the University of North Carolina filed a declaratory judgment action seeking to establish that the UNC Liability Insurance Trust Fund ("UNC-LITF") did not provide coverage for claims against Shoemate because his employment was obtained through fraud. A unanimous panel of this Court held North Carolina law required a self-insured trust fund provide coverage for acts of its agents. *University of North Carolina v. Shoemate*, 113 N.C. App. 205, 212, 437 S.E.2d 892, 896, *disc. review denied*, 336 N.C. 615, 447 S.E.2d 413 (1994). The Court further held that, even though his employment contract was void *ab initio*, Shoemate was nevertheless an agent of the hospital, and therefore the trust fund did provide coverage for his actions. *Id.* at 214-15, 437 S.E.2d at 897-98.

After plaintiff filed this complaint, the UNC-LITF retained the law firm of Patterson, Dilthey, Clay & Bryson to defend Shoemate to the extent the trust fund provided coverage for his actions and had a duty to defend him. Patterson Dilthey filed a motion for limited appearance as counsel in order to defend Mr. Shoemate until such time as he found other representation or agreed to give authority to the firm to represent him, to protect the interests of the UNC-LITF by preventing the entry of a default judgment against Shoemate, and to respond to any discovery requests to the extent that they had reliable information. Patterson Dilthey acknowledged that they neither had been contacted by Mr. Shoemate nor had been authorized by him to appear on his behalf. Judge A. Leon Stanback allowed the motion.

**DUNKLEY v. SHOEMATE**

[129 N.C. App. 255 (1998)]

On the basis of new case law and the Rules of Professional Conduct, plaintiff filed a motion to remove Patterson Dilthey as Shoemate's counsel on 8 July 1996. Because Shoemate had neither spoken with the firm nor given them authorization to represent him, plaintiff alleged it was improper and unethical for Patterson Dilthey to remain as counsel. Judge F. Gordon Battle heard the motion and considered the briefs along with a letter written by Alice Neece Moseley, Assistant Executive Director of the North Carolina State Bar. Responding to Patterson Dilthey's request that the Bar issue an ethical opinion in the case, Moseley stated that the original order was entered by a judge with concurrent jurisdiction over the ethical conduct of attorneys and that the Bar would defer to the order and not issue an opinion in the case. She concluded that the potential impact of new case law was a question of law for the court's consideration. Judge Battle considered himself bound by Judge Stanback's prior order allowing the representation and denied plaintiff's motion.

Plaintiff filed a notice of appeal from Judge Battle's order to this Court. Defendant filed a motion to dismiss the appeal as interlocutory. This Court allowed defendant's motion to dismiss and denied plaintiff's petition for *writ of certiorari*. Plaintiff filed a petition for *writ of supersedeas* and a petition for *writ of certiorari* to the North Carolina Supreme Court. The Supreme Court allowed both petitions and held it was error to dismiss the appeal and reversed and remanded the case to this Court for hearing on the merits.

*Grover C. McCain, Jr. for plaintiff appellant.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Robert M. Clay, Donna R. Rutala, and G. Lawrence Reeves, Jr., for defendant appellee Lee H. Shoemate.*

*Bailey & Dixon, L.L.P., by Gary S. Parsons and Kenyann G. Brown, for Nationwide Mutual Insurance Company and Alliance of American Insurers, amici curiae.*

ARNOLD, Chief Judge.

This case involves plaintiff's motion to remove the law firm of Patterson, Dilthey, Clay & Bryson as counsel for defendant Lee H. Shoemate. This Court earlier dismissed the denial of plaintiff's motion as interlocutory. On appeal to the North Carolina Supreme Court, the Court held that the appeal was not interlocutory because it affected a substantial right which plaintiff will lose if not reviewed

before a final judgment is entered. *But see Travco Hotels v. Piedmont Natural Gas Co.*, 332 N.C. 288, 420 S.E.2d 426 (1992) (holding as interlocutory an appeal from the denial of a motion to remove counsel and affirming dismissal). The Supreme Court remanded the case to this Court for a full hearing on the merits. *Dunkley v. Shoemate*, 346 N.C. 274, 485 S.E.2d 295 (1997).

Plaintiff argues Patterson Dilthey should be removed as defendant Shoemate's counsel because the firm had no authority from Shoemate to act on his behalf. This Court has held that an attorney may not represent a party without the authority to do so. *Johnson v. Amethyst Corp.*, 120 N.C. App. 529, 532, 463 S.E.2d 397, 400 (1995) (citations omitted). In *Amethyst*, an attorney was retained by an insurance company to monitor a claim against an insured. The attorney had no contact with the insured but sought to set aside a default judgment entered against the insured in order to protect the rights of the insurance company. The Court held that the attorney had no authority to act on the insured's behalf when no contact took place between the attorney and the insured and representation was undertaken without his consent. *Id.* at 533, 463 S.E.2d at 400. In the instant case, Patterson Dilthey has neither spoken with Shoemate nor been given authority by him to act on his behalf.

Patterson Dilthey argues that *Amethyst* should be overturned. We are constrained, however, by our prior decision. The North Carolina Supreme Court holds that one panel of the Court of Appeals may not overturn the holding of another panel. *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). We hold, therefore, that Patterson Dilthey lacks the authority to act on Shoemate's behalf.

Reversed

Judges MARTIN, John C., and SMITH concur.